UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JAMES BEDREE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:04-CV-427 |
| | ) | |
| IVAN A. LEBAMOFF, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on two motions to disqualify counsel, both filed by *pro se* Plaintiff James Bedree. For the reasons provided, both motions to disqualify counsel will be denied.

The first motion (Docket # 79) seeks to disqualify Defendant Linda Peters Chrzan, who at the time Bedree filed his motion on July 18, 2007, was representing herself in this case as well as the Emily Bedree Estate ("Estate") and the Personal Representative Mitchell Bedree ("Mitchell"). Since that time, Chrzan has apparently secured the services of attorney Alan VerPlanck to act as co-counsel for the Estate, Mitchell, and herself. (Docket # 86.)

Bedree's second motion (Docket # 83) was filed on September 24, 2007, and seeks to disqualify VerPlanck as counsel for the Estate. VerPlanck filed a Response in Opposition (Docket # 87) on October 4, 2007, and Bedree has not submitted a reply.

**FACTUAL AND PROCEDURAL BACKGROUND**

It is not necessary to go into detail concerning the facts of this case; suffice it to say that Bedree, who is the brother of the decedent Emily Bedree, has sued a number of Defendants

under 42 U.S.C. §§ 1983, 1985, and 1986, alleging that Mitchell, who is Bedree's nephew, Chrzan, and various state actors, all conspired to violate his constitutional rights in connection with probate proceedings involving the Estate. (*See* Compl. ¶¶ 26-37.)

Chrzan's role in this drama was as successor counsel to Mitchell, the Estate's successor Personal Representative. In his motion to disqualify Chrzan, Bedree suggests that Chrzan is a necessary witness in this action, that he desires to take her deposition, and that her dual role as both lawyer and witness runs afoul of Rule 3.7 of the Indiana Rule of Professional Conduct. Bedree also points to the Comment to Rule 3.7 and suggests that since Chrzan is representing herself and the Estate, a potential conflict of interest exists.

Bedree's motion to disqualify VerPlanck relies on Rule 1.7 of the Indiana Rules of Professional Conduct, contending that a conflict of interest exists with VerPlanck's representation of the Estate. As Bedree sees it, VerPlanck is not only representing the Estate but also Bedree, because, as Bedree puts it, he (Bedree) has a "vital interest" in the Estate. (Mot. to Disqualify Alan VerPlanck ¶ 2.) Consequently, Bedree argues that absent his consent as VerPlanck's purported client to the conflict of interest, VerPlanck must be disqualified from this action.

## ANALYSIS

The Motion to Disqualify Chrzan.

Bedree argues that Chrzan should be disqualified under Rule 3.7(a) of the Indiana Rules of Professional Conduct because she will be a necessary witness. Rule 3.7(a), which addresses a lawyer as a witness, provides:

> A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness except where:

>    (1) the testimony relates to an uncontested issue;
>
>    (2) the testimony relates to the nature and value of legal services rendered in the case; or
>
>    (3) disqualification of the lawyer would work substantial hardship on the client.

Ind. Rules of Professional Conduct Rule 3.7(a). Bedree bears the burden of showing, with specificity, that Chrzan is a necessary witness. *Lanigan v. Resolution Trust Corp.*, No. 91 C 7216, 1992 WL 350688, at *3 (N.D. Ill. Nov. 23, 1992); *see DeSloover v. Daniels*, No. 98 C 3854, 1999 WL 417322, at *7 (N.D. Ill. June 16, 1999) (collecting cases). This burden is a heavy one, for "the disqualification of a party's legal representative is an extreme measure that courts should hesitate to impose except when absolutely necessary." *Neumann v. Wright*, No. 93 C 2049, 1993 WL 384527, at *2 (N.D. Ill. Sep. 28, 1993) (internal quotation marks and citation omitted); *see Owen v. Wangerin*, 985 F.2d 312, 317 (7th Cir. 1993).

Here, Bedree has utterly failed to carry his burden of showing that Chrzan is a necessary witness in this action or that he is prejudiced if she does become a witness. In fact, he does not even attempt to explain what information he wishes to depose Chrzan about; thus, Bedree has not presented any compelling reason for Chrzan's testimony. *See Lanigan*, 1992 WL 350688 at *3 ("Where evidence is easily available from other sources, attorneys who participate in a case should not be called as witnesses absent extraordinary circumstances or compelling reasons."); *see generally United States v. Britton*, 289 F.3d 976, 982 (7th Cir. 2002). Indeed, "motions to disqualify must be viewed with caution because they can easily be misused as a means of harassment," as "the disqualification of counsel can work severe hardship on litigants by separating them from their counsel of choice at times of great need." *Neumann*, 1993 WL

3

384527 at *2; *see Harter v. Univ. of Indianapolis*, 5 F. Supp. 2d 657, 663 (S.D. Ind. 1998). Consequently, Bedree's motion to disqualify Chrzan will be denied.[1]

The Motion to Disqualify VerPlanck

The problem with Bedree's motion seeking to disqualify VerPlanck is that it starts with the faulty premise that because Bedree has an interest in the Estate, he is VerPlanck's client as a matter of law and for purposes of Rule 1.7 of the Indiana Rules of Professional Conduct.

Simply stated, an attorney for a decedent's estate in the state of Indiana represents the personal representative of the estate, not the estate's beneficiaries. *See, e.g.*, Ind. Code § 29-1-7.5-3(a)(23) (authorizing the personal representative to employ attorneys). "Logic and policy considerations compel the conclusion that an attorney for a fiduciary owes duties only to that client and not to the beneficiaries of the estate." 4 *Legal Malpractice* § 32.11 (2007). Indeed, the illogic of Bedree's position is highlighted by his suggestion that he has the right to consent to the appearance of any attorney representing the Estate, that is, a right to essentially veto any attorney who would likely oppose his claims.

Accordingly, since Bedree is not VerPlanck's client as a matter of law, Rule 1.7 has no applicability. Therefore, the motion to disqualify VerPlanck must be denied.

## CONCLUSION

For the foregoing reasons, Bedree's motions to disqualify attorneys Chrzan (Docket # 79)

---

[1] Although Bedree speculates that Chrzan's testimony, if any, will result in a conflict of interest, he offers no suggestions about how this would occur. In particular, Bedree would need to show, as a threshold matter, a "likely . . . substantial conflict between the testimony of the client and . . . [Chrzan]," Ind. Rules of Professional Conduct Rule 3.7 cmt. 6, before a conflict would arise under Rule 1.7 of the Indiana Rules of Professional Conduct. Since Bedree offers no such showing, disqualification is clearly improper.

and VerPlanck (Docket # 83) are each DENIED.

      SO ORDERED.

      Entered this 14th day of November, 2007.

                                              S/Roger B. Cosbey
                                              Roger B. Cosbey
                                              United States Magistrate Judge