UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JAMES BEDREE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.  1:04-CV-427 |
| | ) | |
| IVAN A. LEBAMOFF, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the motion of the *pro se* Plaintiff, James Bedree, captioned "Motion for Substitution of Parties."  (Docket # 81.)  In that motion, Bedree seeks, under Federal Rule of Civil Procedure 25(a)(1), to substitute for the named defendant, Ivan A. Lebamoff, the unknown personal representative of the Estate of Ivan A. Lebamoff, deceased. Bedree's motion also seeks to add as defendants Lebamoff Law Offices and John Milef, the latter purportedly a partner in Lebamoff Law Offices and opposing counsel against Bedree in some state court litigation related to the present case.

Thus, we actually have two motions before the Court: (1) Bedree's motion to substitute the unknown personal representative of the Ivan A. Lebamoff Estate, for Ivan A. Lebamoff, deceased; and (2) a motion to amend his Complaint to add as defendants Lebamoff Law Offices and John Milef.  Therefore, Bedree appears to have violated both Local Rule 7.1(b), requiring that each motion be separate, and Local Rule 15.1, requiring that the movant attach a copy of any proposed amended complaint to a motion to amend.  The latter requirement is important in the outcome of any motion to amend, and is particularly important here, because it informs the Court

whether it is legally appropriate to add Lebamoff Law Offices and Milef as additional defendants.  *See, e.g.*, *Moore v. State of Ind.*, 999 F.2d 1125, 1128 (7th Cir. 1993) (stating that a plaintiff seeking to add additional defendants must first obtain leave of court).  As the record stands, it is unclear what claims Bedree seeks to pursue against Lebamoff Law Offices and Milef, or whether those claims are legally cognizable; that is, whether they would even withstand a motion to dismiss.  *Id.* (noting that a plaintiff will not be allowed to amend if the amendments would be futile).

Consequently, the Court on its own motion strikes the request to add Lebamoff Law Offices and Milef as defendants from the Motion for Substitution of Parties.  If Bedree still wishes to add them as parties, however, he may file a separate motion to amend, with a proposed amended complaint attached, on or before December 12, 2007.  The proposed amended complaint must be complete in itself and must not simply refer to the original complaint or any other amendments.  Local Rule 15.1.  Any motion to amend will be briefed in accordance with Local Rule 7.1(a).

Concerning the substitution of the unknown personal representative of the Lebamoff Estate, Defendants apparently have not yet filed any response to Bedree's motion, perhaps because the parties have been engaged in addressing other motions.  Therefore, counsel for Ivan A. Lebamoff is directed to file a response to the motion on or before December 3, 2007, and Bedree is to file a reply by December 12, 2007.

Accordingly, Bedree's Motion for Substitution of Parties (Docket # 81) is stricken in

2

part, and taken under advisement in part.


Enter: November 20, 2007.

S/Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge
