## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JAMES BEDREE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:04-CV-427-TS |
| | ) | |
| IVAN A. LEBAMOFF et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on a motion filed by the *pro se* Plaintiff, James Bedree, to Void and Vacate Orders [DE 94]. On December 7, 2007, the Plaintiff requested that orders entered by Magistrate Judge Roger Cosbey on November 14 and 20, 2007, be "voided and vacated." These orders rule on the Plaintiff's motions to disqualify counsel and to substitute and add defendants. The Plaintiff believes that the Magistrate Judge did not have jurisdiction to enter the challenged orders because the Plaintiff never signed a consent to the magistrate's jurisdiction.

The Plaintiff cites 28 U.S.C. § 636(c), the statutory provision that authorizes a magistrate judge to exercise civil jurisdiction in a case upon the consent of the parties. He also cites Federal Rule of Civil Procedure 73 and Local Rule 72.1(h). These provisions, likewise, govern cases where the parties have consented to the magistrate's jurisdiction.

The cited provisions are not helpful in this matter. The magistrate's authority to rule on the Plaintiff's motions is derived from 28 U.S.C. § 636(b)(1)(A). That subsection grants magistrate judges authority to decide non-dispositive pretrial motions without the consent of the parties:

> Notwithstanding any provision of law to the contrary—

> (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

28 U.S.C. § 636(b)(1)(A). The Plaintiff's motions do not qualify as any of those specifically excepted from the magistrate's pretrial authority. "Any motion that is neither listed in, nor analogous to a motion listed in the statute providing exceptions to a magistrate's authority to hear and determine pretrial matters, falls within the nondispositive group of motions, and thus is within a magistrate's 'hear and determine' authority." 91 C.J.S.  United States Magistrates § 8 (2007).

The Federal Rule of Civil Procedure that corresponds to § 636(b)(1)(A) is Rule 72(a), and the corresponding local rule is 72.1(c)(1). Both rules set forth the procedures that apply when a magistrate judge rules on nondispositive pretrial matters.

> **(a) Nondispositive Matters**. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 10 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). "A magistrate judge may hear and determine any procedural or discovery motion or other motion or pre-trial matter in a civil or criminal case, other than the motions which are specified in Local Rule 72.1(d) of these rules, in accordance with Fed. R. Civ. P. 72(a)." N.D. Ind. L.R. 72.1(c)(1).

The Plaintiff simply misunderstood the basis of Magistrate Judge Cosbey's authority to

rule on his nondispositive pretrial motions. As he provides no other basis to void or vacate the orders of November 14 and 20, they will be upheld in their entirety.

## ORDER

For the foregoing reasons, the Plaintiff's Motion to Void and Vacate Orders [DE 102] is DENIED.

SO ORDERED on January 3, 2008.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
