```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF INDIANA
                    FORT WAYNE DIVISION
```

JAMES BEDREE,                          )
                                       )
Plaintiff,                             )
                                       )
   v.                                  )   NO. 1:04-CV-427
                                       )
Personal Representative of             )
the Estate of IVAN LEBAMOFF,           )
*et al.,*                              )
                                       )
Defendants.                            )

## OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss Amended Complaint by Judges Felts, Levine and Houk (D.E. # 73), filed by Thomas J. Felts, Stanley A. Levine, and Phillip E. Houk on June 18, 2007, and the Motion to Strike Surreply (D.E. # 105) filed by Thomas J. Felts, Stanley A. Levine, and Phillip E. Houk on December 26, 2007. For the reasons set forth below, the motion to dismiss is **GRANTED** and the motion to strike is **DENIED as moot**. The case is hereby **DISMISSED** against Defendants Felts, Levine, and Houk.

Background

*Pro se* Plaintiff, James Bedree, filed this action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 alleging that state court judges, lawyers, city officials, and one of his nephews conspired to violate his "rights against unreasonable searches and seizures per Amendment IV of the U.S. Constitution" and his "due process and property rights per Fourteenth Amendment of the U.S. Constitution." (Am. Compl. (D.E. # 33) ¶¶ 26-35.) Bedree does not seek any

specific relief, but rather asks for judgment and "all other relief just and proper." (Am. Compl. p. 6.)

Bedree's claims are related to probate proceedings of his late sister's estate ("the estate") and related ancillary state court proceedings. Relevant here, Bedree alleges that Magistrate Judge Phillip E. Houk, acting as Probate Commissioner for the Plaintiff's sister's estate, improperly granted motions regarding payment of attorneys' fees without notifying the heirs or holding a hearing. (Am. Compl. ¶¶ 15, 21.) Bedree alleges that Judge Stanley A. Levine declined to issue a ruling on Bedree's objection to the appointment of an attorney for the estate (Am. Compl. ¶ 19) and allowed another action to proceed even though he knew that certain documents were illegally seized (Am. Compl. ¶ 24). Bedree alleges that on March 11, 2004, Judge Felts enjoined Bedree from filing any further actions regarding his sister's estate in the Allen County Courts. (Am. Compl. ¶ 25.)

Discussion

A case may be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the court lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). "When considering a motion to dismiss for lack of subject matter jurisdiction, a court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003). The Court may also review evidence beyond

2

the allegations of the complaint to determine if subject matter jurisdiction exists. *Id.*; *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003).

*A.   Probate Commissioner Houk*

Bedree's only complaint against Judge Houk is for allegedly improperly granting motions for payment of attorneys' fees to the attorney representing the estate. (Pl. Am. Compl. ¶¶ 15, 21.). Judge Houk contends that this claim is barred by the probate exception to federal jurisdiction.

"[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006). The probate exception further precludes a request for the district court to remedy perceived errors in the state court's administration of the estate. *Jones v. Brennan*, 465 F.3d 304, 306 (7th Cir. 2006).

Indiana courts have recognized that "the responsibility to scrutinize fees of attorneys for services rendered to the Estate from the standpoint of reasonableness is given to state courts of probate jurisdiction in Indiana." *In re Estate of Johnson*, 855 N.E. 2d 686, 692 (Ind. App. 2006).  And, attorney's fees for work

3

performed for the estate come out of the estate funds. Ind. Code § 29-1-10-13.

Here, Bedree's challenge to how the probate court awarded fees to the estate's attorney, a responsibility given to the probate court, is "tantamount to asking the federal district court to take over administration of the estate" and is barred by the probate exception. *Jones*, 465 F.3d at 307. Notably too, on appeal from a prior dismissal, the Seventh Circuit analyzed Bedree's claim against Judge Houk and stated that "Bedree's request for the district court to remedy what he perceives as errors in the state court's administration of the estate, like the plaintiff's request in *Jones*, is equivalent to asking the district court to take over administration of the estate." *Bedree v. Lebamoff*, 202 Fed. Appx. 913, 915 (7th Cir. 2006).

Moreover, because the fees were paid out of estate funds, Bedree's request also seeks to have this Court interfere with property in the control of the probate court. This is barred by the probate exception. *See, e.g., Wisecarver v. Moore*, 489 F.3d 747, 751 (6th Cir. 2007)("Granting this relief is precisely what the probate exception prohibits because it would require the district court to dispose of property in a manner inconsistent with the state court's distribution of the assets.")

Because Bedree's claim against Judge Houk is within the scope of the probate exception, this Court does not have subject matter

4

jurisdiction. Accordingly, Bedree's claim against Judge Houk is **DISMISSED.**

B.   *Judge Thomas J. Felts*

Bedree's only claim against Judge Felts is that on March 11, 2004, he enjoined Bedree from filing any further actions regarding his sister's estate in the Allen County Courts. (Am. Compl. ¶ 25.) Judge Felts argues that Bedree's claim against him is barred by the *Rooker-Feldman* doctrine.

*Rooker-Feldman* generally bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of that judgment." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Homola v. McNamara*, 59 F.3d 647, 650 (7th Cir. 1995). "[T]he fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment. If the injury resulted from the state court judgment itself, *Rooker-Feldman* directs that lower federal courts lack jurisdiction." *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996).

The order Bedree challenges arose when Judge Felts dismissed a suit Bedree brought against Mitchell Bedree in Allen County Circuit Court (Case No. 92C01-03120PL-154). (D.E. # 74.) On January 22, 2004, Mitchell Bedree filed a motion to dismiss and request for award of attorney's fees. (*Id.*) After a hearing on these issues, on

March 11, 2004, Judge Felts granted Mitchell Bedree's motion to dismiss in an Order of Judgment of the Court. (*Id.*) In this Order of Judgment of the Court, Judge Felts also enjoined Bedree from filing lawsuits against parties involved in several lawsuits without consent of the Court and from causing subpoenas to issue without following procedures outlined in the order. (*Id.*)

Here, Bedree is the state court loser in a proceeding that ended on March 11, 2004, which was before Bedree filed the currently pending case (November 16, 2004). Because Bedree is complaining of injuries caused by this state court judgment, *i.e.*, that he was enjoined from filing certain further actions, *Rooker-Feldman* applies to deprive this Court of jurisdiction to consider these claims. *See Exxon Mobil Corp.*, 544 U.S. at 291–92; *see also Mannix v. Machnik*, 244 Fed. Appx. 37, *38 (7th Cir. 2007)(holding that "the *Rooker-Feldman* doctrine means that relief from the adverse decision must be pursued through the state appellate system," not pursuant to 42 U.S.C. section 1983). Indeed, on appeal from a previous dismissal, the Seventh Circuit stated that the challenge to the injunction against filing further lawsuits "certainly is" barred by *Rooker-Feldman*. *Bedree v. Lebamoff*, 202 Fed. Appx. 913, 915 (7th Cir. 2006). Accordingly, because this Court has no subject matter jurisdiction over the Plaintiff's claim against Judge Felts, it is **DISMISSED**.

*C.   Judge Stanley Levine*

According to Bedree, Judge Levine erred twice while presiding over a case Bedree was a party to. First, Bedree alleges that on August 13, 2001, Judge Stanley A. Levine declined to issue a ruling on Bedree's objection to the appointment of an attorney for the estate. (Am. Compl. ¶ 19). Second, Bedree alleges that Judge Levine allowed an action to proceed even though he knew that certain documents were illegally seized. (Am. Compl. ¶ 24). Judge Levine argues that these claims are barred by the *Rooker-Feldman* doctrine.

Judge Levine became involved in Bedree's legal issues when he was assigned to a case Mitchell Bedree brought against Bedree (case number 44C01-0208-PL-0021) to collect on a promissory note. (D.E. # 119-3.) On August 8, 2002, however, Mitchell Bedree moved for and was granted a Special Judge, the Honorable J. Scott Vanderbeck of the LaGrange Circuit Court, who ordered that venue of the case be changed to LaGrange County. (*Id.*)

Mitchell Bedree filed a motion for summary judgment on February 27, 2003. (D.E. # 119-4.) On July 15, 2003, Special Judge Vanderbeck issued an Order Granting Plaintiff's Motion for Summary Judgment For Complaint and Against Counterclaim/Cross Claim. (*Id.*) In this order, the court granted summary judgment on all issues against Bedree and awarded damages to Mitchell Bedree in the sum of $250,000.00 plus interest. (*Id.*) According to the state court docket, the case was closed on July 15, 2003. (D.E. # 119-2.)

Here, Bedree is the loser in a state court proceeding that ended on July 15, 2003, over a year before this case was filed (November 16, 2004). Because Bedree is complaining about injuries

7

from rulings during this state court proceeding, *i.e.*, that Judge Levine improperly declined to disqualify Chrzan and improperly allowed the case to proceed, Bedree's claims against Judge Levine are barred by the *Rooker-Feldman* doctrine. *See Exxon Mobil,* 544 U.S. at 291–92. Accordingly, because this Court has no subject matter jurisdiction over the Plaintiff's claim against Judge Levine, they are **DISMISSED**.

CONCLUSION

For the reasons set forth above, the currently pending motion to dismiss is **GRANTED** and the motion to strike is **DENIED as moot**. The case is hereby **DISMISSED** against Defendants Felts, Levine, and Houk.

**DATED: March 21, 2008**                    **/s/ RUDY LOZANO, Judge**
                                             **United States District Court**