## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

JAMES BEDREE,                        )
                                     )
Plaintiff,                           )
                                     )
    v.                               )    NO. 1:04-CV-427
                                     )
Personal Representative of           )
the Estate of IVAN LEBAMOFF,         )
*et al.*,                            )
                                     )
Defendants.                          )

### OPINION AND ORDER

This matter is before the Court on the Defendants Greg Letterman, Sandra Kennedy and City of Fort Wayne Neighborhood Code Enforcement Division's Motion for Summary Judgment (D.E. # 66) filed on June 4, 2007, by Defendants Greg Leatherman [1], Sandra Kennedy, and the City of Fort Wayne Neighborhood Enforcement Division (collectively, the "City Defendants"). For the reasons set forth below, this motion is **GRANTED**. Defendants Letterman, Kennedy, and City of Fort Wayne Neighborhood Code Enforcement Division are hereby **DISMISSED**.

Background

*Pro se* Plaintiff, James Bedree, filed this action on November 16, 2004, pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 alleging

---

[1]Although Bedree has named Greg Letterman as a defendant, it appears that the proper spelling of this individual's name is Greg Leatherman, and he will be referred to by this spelling throughout this order.

that state court judges, lawyers, city officials, and one of his nephews conspired to violate his "rights against unreasonable searches and seizures per Amendment IV of the U.S. Constitution" and his "due process and property rights per Fourteenth Amendment of the U.S. Constitution." (Am. Compl. (D.E. # 33) ¶¶ 26-35.) Bedree does not seek any specific relief, but rather asks for judgment and "all other relief just and proper." (Am. Compl. p. 6.)

Relevant here, Bedree claims that the Neighborhood Code Enforcement, through Leatherman, filed charges against him for code violations related to property that he did not own. (Am. Compl. ¶ 16.) He claims that even though he notified the City that he did not own the property, he was "wrongfully arrested and falsely imprisoned" for the code violations on March 15, 2001. (Am. Compl. ¶¶ 16–17.)


Standard of Review

The standard for reviewing a summary judgment motion is the same regardless of whether a party is represented by counsel. *Outlaw v. Newkirk*, 259 F.3d 833, 836-837 (7th Cir. 2001). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper only if it is demonstrated that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In deciding a motion for summary judgment, a court must view all facts in the light most favorable to the nonmovant.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *NUCOR Corp. v. Aceros Y Maquilas De Occidente*, 28 F.3d 572, 583 (7th Cir. 1994).

The burden is upon the movant to identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," if any, that the movant believes "demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Once the movant has met this burden, the nonmovant may not rest upon mere allegations but "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Becker v. Tenenbaum-Hill Assocs., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990); *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir. 1989). "Whether a fact is material depends on the substantive law underlying a particular claim and 'only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.'" *Walter v. Fiorenzo*, 840 F.2d 427, 434 (7th Cir. 1988) (emphasis in original) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"[A] party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial." *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir. 1988) (emphasis in original); *see also Hickey v. A.E. Staley Mfg.*, 995 F.2d 1385, 1391 (7th Cir. 1993). Therefore, if a party fails to establish the existence of an

essential element on which the party bears the burden of proof at trial, summary judgment will be appropriate. In this situation, there can be "'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

Undisputed Facts

On February 26, 2001, the Allen Superior Court issued a warrant for Bedree's arrest for failing to appear for a hearing on a neighborhood code violation charge. (D.E. # 66, Ex. A.) On March 14, 2001, the Allen County Sheriff's Department returned the warrant executed. (*Id.*)

Bedree was arrested by Fort Wayne Police Officers at his place of business and taken to jail. (D.E. # 66, Ex. B.) He posted bond on the same day as his arrest, was ordered to attend court on the next day, March 15, 2001, and complied with this order. (*Id.*) The charges were dropped and the case was dismissed on April 25, 2001. (D.E. # 66, Ex. C.)

After filing a notice of a tort claim with the City of Fort Wayne on August 30, 2001, on February 12, 2003, Bedree sued the Neighborhood Code Enforcement in Allen County Superior Court for an alleged false arrest and incarceration on March 14, 2001. (D.E. # 66, Ex. B.) On June 30, 2003, Neighborhood Code Enforcement filed a Motion for Summary Judgment on the grounds that Neighborhood Code Enforcement was incorrectly named as a defendant, that the

4

plaintiff did not provide notice of his tort claim against Neighborhood Code Enforcement within 180 days, and that the plaintiff was arrested by the Fort Wayne Police Department pursuant to a valid warrant. (D.E. # 66, Ex. C.) After a hearing, on August 27, 2003, the state court entered summary judgment in favor of the Neighborhood Code Enforcement. (D.E. # 66, Ex. D.)

Bedree subsequently submitted a "Petition for Mandate" to the Indiana Supreme Court claiming that the trial court exceeded its jurisdiction or failed to act when under a duty to act and seeking "an unquestionably inappropriate remedy under the rules and law governing writs of mandamus or prohibition." (D.E. # 76.) The Indiana Supreme Court dismissed Bedree's petition on October 6, 2003. (*Id.*)

Greg Leatherman was employed as the Administrator of the Neighborhood Code Enforcement from May 2002 to August 2004. (D.E. # 66, Ex. C.) Neither he nor Neighborhood Code Enforcement had the authority to make arrests at the time Bedree was arrested. (*Id.*)

Virgil Burke was an employee for the City of Fort Wayne, Department of Neighborhood Code Enforcement. (D.E. # 76.) He hand delivered a citation notice to Bedree on Novemner 2, 2000. (*Id.*) At this time, Bedree informed him that he was not responsible for any of the repairs cited. (*Id.*) Bedree also wrote a letter to the Department of Neighborhood Code Enforcement notifying them that he was not the owner of the property and not responsible for any repairs cited. (*Id.*)

Sandra Kennedy was the City Clerk for the City of Fort Wayne

at the time Bedree was arrested. (D.E. # 66, Ex. C.) She did not arrest or incarcerate Bedree. (*Id.*)


Discussion

Bedree's only claims against the City Defendants are for false arrest and false imprisonment pursuant to 42 U.S.C. sections 1983.[2] (Am. Compl. ¶¶ 16-17.) The City Defendants argue that Bedree's claims are subject to a two year statute of limitations from the date of the accrual of the cause of action. They contend that the cause of action accrued on the date of his arrest and release from Allen County jail and, accordingly, Bedree's claims against them are barred. Bedree argues that the accrual date should be the date his "Petition for Mandate" was denied by the Indiana Supreme Court.

For Bedree's section 1983 claims, Indiana's two-year statute of limitations applies from the date the cause of action accrued.

---

[2] To the extent Bedree's complaint could be read to allege that the City Defendants violated 42 U.S.C. sections 1985 and 1986, Bedree has failed to state a claims under these statutes. At the very least, Bedree has failed to allege any facts to support a claim that the City Defendants had a conspiracy, a necessary element of a section 1985 claim. *E.g., Trautvetter v. Quick*, 916 F.2d 1140, 1153 (7th Cir. 1990). The only allegation that could be read to support such a claim is Bedree's assertion that the "Defendants willfully engaged in a conspiracy of abusive behavior designed to deprive Plaintiff of his civil and constitutional rights. (Am Compl. ¶41.) But "conclusory allegations [of conspiracy] unsupported by any factual assertions will not withstand a motion to dismiss." *See Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981), *aff'd*, 460 U.S. 325 (1983); *see House v. Belford*, 956 F.2d 711, 721 (7th Cir. 1992) ("A conspiracy may be demonstrated by circumstantial evidence, however, mere allegations of a conspiracy are insufficient to withstand a motion to dismiss.") And without a violation of section 1985, there can be no violation of section 1986. *D'Amato v. Wisconsin Gas Co.*, 760 F.2d 1474, 1485 (7th Cir. 1985).

*Hoagland v. Town of Clear Lake, Ind.*, 415 F.3d 693, 700-01 (7th Cir. 2005); *Perez v. Sifel*, 57 F.3d 503, 505 (7th Cir. 1995); *see also* Ind. Code § 34-11-2-4 (providing that an action for injury to a person must be brought within two years after the cause of action accrues). If the statute of limitations runs before Bedree files his claim, then Bedree's claims are barred. *See, e.g., Booker v. Ward*, 94 F.3d 1052, 1056-57 (7th Cir. 1996)("We conclude that Booker's section 1983 unlawful arrest claim against Owens and Lewis accrued on the day of his arrest, August 7, 1987. Because he did not bring his § 1983 claim against Owens and Lewis until February 1995, the two-year statute of limitations bars his suit.")

The primary dispute here is when Bedree's cause of action accrued. Generally, a cause of action accrues when the plaintiff has "a complete and present cause of action" and when he "can file suit and obtain relief." *Wallace v. Kato*, 127 S. Ct. 1091, 1095 (2007) (quotation marks and citations omitted); *see also Kelly v. City of Chi.*, 4 F.3d 509, 511 (7th Cir. 1993) (stating that section 1983 claims accrue when the plaintiff "knows or should know" that his constitutional rights have been violated). The Supreme Court has explicitly held that the accrual date for a false arrest claim is the date the arrestee becomes detained and that the accrual date for a claim of false imprisonment is the date when the false imprisonment ended. *Kato*, 127 S.Ct. at 1095-99; *see also Wallace v. City of Chicago*, 440 F.3d 421, 423 (7th Cir. 2006) ("We reaffirm the holding of *Booker v. Ward*, 94 F.3d 1052, 1056-57 (7th Cir. 1996), that false arrest claims accrue at the time of arrest");

7

*Munson v. Hancock County Sheriff*, No. 1:05-CV-0911, 2006 WL 692923, *1 (S.D. Ind. March 16, 2006)("The Seventh Circuit historically has held that the statute of limitations in a § 1983 false arrest/imprisonment claim accrues on the date of arrest").

Here, Bedree was arrested on March 14, 2001, for failure to attend a hearing and his claim for false arrest accrued on that date. Because he filed this claim in November 2004 rather than within the applicable two year statute of limitations, it is time barred.

Bedree was also imprisoned on March 14, 2001, for failure to attend a hearing. He posted bond and was released on that same date. Because Bedree's claim for false imprisonment accrued when the alleged false imprisonment ended, *i.e.,* on March 14, 2001, and because he filed this claim in November 2004 rather than within the applicable two year statute of limitations, it is time barred.[3]

---

[3] To the extent Bedree may have intended to additionally bring a claim for malicious prosecution, he fails to allege the necessary elements to state a claim. For example, Bedree never contends that the prosecution for his failure to attend court terminated in the his favor. *International Medical Group, Inc. v. American Arbitration Ass'n, Inc.,* 312 F.3d 833, 844-45 (7th Cir. 2002)("For the claim of malicious prosecution, a plaintiff must show, among other things, that the prosecution terminated in the plaintiff's favor."). Even if he had, however, a malicious prosecution claim pursuant to section 1983 would also be barred by the statute of limitations. Indiana's two-year statute of limitations applies from the date of accrual and for a malicious prosecution claim, the cause of action does not accrue until the prosecution terminates in the plaintiff's favor. *See Snodderly v. R.U.F.F. Drug Enforcement Task Force,* 239 F.3d 892, 900 (7th Cir. 2001). Here, on April 25, 2001, the charges for Bedree's arrest were dropped and the case was dismissed. Because Bedree's cause of action accrued on this date, he is time barred from pursuing it as a section 1983 claim in November 2004, more than three and a half years later.

Bedree argues, relying on *Wallace v. City of Chicago*, 440 F.3d 421, 425 (7th Cir. 2006), that his cause of action accrued after he exhausted his state court remedies (on October 6, 2003) because that is when he had a "complete understanding of the cause of injury." He also argues, relying on *Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994), that equitable tolling applies while he was exhausting his state law claims in state court.

Bedree's first argument, that his accrual date should be based on when he lost his state court suit for false arrest and imprisonment, is not persuasive. The Supreme Court has explicitly ruled on the accrual date for claims of false arrest and imprisonment, and this Court must follow directly applicable Supreme Court precedent. *See, e.g., Agostini v. Felton*, 521 U.S. 203 (1997) (quoting *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 485 (1989))("We reaffirm that '[i]f a precedent of this Court has direct application in a case . . . the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.'")

Bedree's second argument is likewise unpersuasive; *Heck* does not support the proposition that the statute of limitations for a section 1983 claim of false arrest and imprisonment is tolled while state law claims of false arrest and imprisonment are being pursued

---

in state court. In fact, *Heck* reserved judgment on equitable tolling issues. *Heck*, 512 U.S. at 489-90; *City of Chi.,* 440 F.3d at 427.

To be sure, this Court is not persuaded that the statute of limitations for a § 1983 claim is tolled while a plaintiff is exhausting his state court remedies. Under the applicable tolling rules, the statute of limitation may be tolled due to "legal disability, incompetence, minority, imprisonment, nonresidency under certain circumstances, war, death in certain instances, fraudulent concealment, or for plaintiffs 'who because of 'disability, irremediable lack of information, or other circumstances beyond his control just cannot reasonably be expected to sue in time.'''    *See Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 932 (7th Cir. 2005) (quoting *Hoosier Bancorp of Ind., Inc. v. Rasmussen*, 90 F.3d 180, 183 (7th Cir. 1996) (quoting *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996))). Bedree has not argued, nor can this Court discern that any of these circumstances apply to his case.

Moreover, the Supreme Court has expressly rejected the idea that equitable tolling is appropriate to avoid concurrent litigation. *Kato*, 127 S.Ct. at 1100. Rather "[e]quitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Id.* And, as the Seventh Circuit recognized, "§ 1983 does not require exhaustion in state courts, and in    *Edwards v. Balisok*, the Supreme Court criticized a district court for staying § 1983 proceedings while

10

state proceedings continued, stating: 'absent some other bar to the suit, a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed.'" *Savory v. Lyons*, 469 F.3d 667, 674 (7th Cir. 2006) (quoting *Edwards v. Balisok,* 520 U.S. 641, 649 (1997)).

<u>Conclusion</u>

For the foregoing reasons, Defendants Greg Letterman, Sandra Kennedy and City of Fort Wayne Neighborhood Code Enforcement Division's Motion for Summary Judgment is **GRANTED** in favor of Greg Leatherman, Sandra Kennedy, and the City of Fort Wayne Neighborhood Code Enforcement Division. Because the statute of limitations issue is dispositive, the Court declines to address the remaining grounds set forth in the motion to dismiss.

DATED: March 21, 2008                  /s/ RUDY LOZANO, Judge
                                       United States District Court

11