```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF INDIANA
                    FORT WAYNE DIVISION
```

| | |
|---|---|
| JAMES BEDREE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   NO. 1:04-CV-427 |
| | ) |
| Personal Representative of | ) |
| the Estate of IVAN LEBAMOFF, | ) |
| *et al.,* | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on Defendant, Ivan Lebamoff's Motion to Dismiss (D.E. # 69) filed by the Personal Representative of the Estate of Ivan Lebamoff, on June 18, 2007.[1] For the reasons set forth below this motion is **DENIED**. Bedree and Lebamoff are **ORDERED** to submit evidence on or before April 14, 2008, regarding whether the "action" to void the lease proceeded to final judgment before Bedree filed this case.

Background

*Pro se* Plaintiff, James Bedree, filed this action pursuant to 42 U.S.C. sections 1983, 1985, and 1986 alleging that state court judges, lawyers, city officials, and one of his nephews conspired to violate his "rights against unreasonable searches and seizures per Amendment IV of the U.S. Constitution" and his "due process and

---

[1] The personal representative of the estate of Ivan Lebamoff has been substituted as a party for Ivan Lebamoff.

property rights per Fourteenth Amendment of the U.S. Constitution." (Am. Compl. (D.E. # 33) ¶¶ 26-35.) Bedree does not seek any specific relief, but rather asks for judgment and "all other relief just and proper." (Am. Compl. p. 6.)

Bedree's claims are related to probate proceedings of his late sister's estate ("the estate") and ancillary related state court proceedings. Relevant here, Bedree claims that Lebamoff deprived him of certain real estate deeded to him by his late sister when Lebamoff prevailed in an action to void the deeds by using "threats, coercion, and blackmail" to prevent a witness from testifying on Bedree's behalf. Bedree also alleges that Lebamoff forged a signature and back-dated an attorney agreement in order to secure fees from the estate.

According to Bedree, his late sister deeded certain real estate to him about five months before she died and the deeds were properly notarized and recorded. (Am. Compl. ¶¶ 5-7.) On January 12, 2000, Lebamoff, who was acting as the attorney for the estate, brought suit against Bedree to void these deeds and bring the properties back into the estate. (Am. Compl. ¶¶ 5-7.) Plaintiff alleges that in order to prevail, Lebamoff used "threats, coercion and blackmail" to prevent Bedree's witness, a notary, from testifying on behalf of Bedree. (Am. Compl. ¶ 9.) He contends that the notary offered perjured testimony. (Am. Compl. ¶ 28.) According to Bedree, he raised these issues in state court and was denied a hearing. (Am. Compl. ¶ 29.)

2

Lebamoff has filed the currently pending motion for dismissal pursuant to Rules 12(b)(1) and 12(b)(6). He argues that jurisdiction is lacking based upon *Rooker-Feldman* and the probate exception. He also argues that Bedree fails to state a claim pursuant to 42 U.S.C. section 1983 and that his claims based on 42 U.S.C. sections 1983, 1985 and 1986 are time barred.

Discussion

A case may be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the court lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). "When considering a motion to dismiss for lack of subject matter jurisdiction, a court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003). The Court may also review evidence beyond the allegations of the complaint to determine if subject matter jurisdiction exists. *Id.*; *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003).

"Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. City of Chi.*, 137 F.3d 474, 478 (7th Cir. 1998). In this regard, Lebamoff argues that both the *Rooker-Feldman* doctrine and the probate exception bar jurisdiction of the claims against him in this case.

3

*Rooker-Feldman* generally bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of that judgment." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Homola v. McNamara*, 59 F.3d 647, 650 (7th Cir. 1995). "[T]he fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment. If the injury resulted from the state court judgment itself, *Rooker-Feldman* directs that lower federal courts lack jurisdiction." *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). Moreover, "[i]t is settled that 'a plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action.'" *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993)(quoting *Hagerty v. Succession of Clement*, 749 F.2d 217, 220 (5th Cir. 1984) cert. denied, 474 U.S. 968 (1985)).

Here, it appears that the *Rooker-Feldman* doctrine may apply to Bedree's claims that Lebamoff deprived him of certain real estate deeded to him by his late sister when Lebamoff prevailed in an "action" to void the deeds by using "threats, coercion, and blackmail" to prevent a witness from testifying on Bedree's behalf. To determine whether *Rooker-Feldman* applies, however, the Court must have evidence that the state court proceeding ended before Bedree filed this case. *See Exxon Mobil,* 544 U.S. at 284. And

Lebamoff has provided no such evidence. Accordingly, Bedree's motion to dismiss this claim on *Rooker-Feldman* grounds is **DENIED.** Nevertheless, because this Court is required to "police subject matter jurisdiction *sua sponte*," *Hay v. Indiana State Bd. Of Tax Com'rs*, 312 F.3d 876, 879 (7th Cir. 2002), Lebamoff and Bedree are **ORDERED** to submit evidence and argument on or before April 14, 2008, regarding when this "action" proceeded to final judgment.

Bedree also alleges that Lebamoff forged a signature and back-dated an attorney agreement in order to secure fees from the estate. The undisputed evidence submitted in this case indicates that Lebamoff and Mitchell Bedree, the personal representative of the estate, stipulated to Lebamoff's fees and that the probate court approved this stipulation on February 22, 2001.

Lebamoff argues that *Rooker-Feldman* applies to this claim because Bedree could have filed an interlocutory appeal of the order of the Court awarding these fees. This Court does not agree. The United States Supreme Court recently held that *Rooker-Feldman* applies to limited situations in which "the losing party in state court filed suit in federal court after the state proceedings ended." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). Here, there is no evidence that the probate proceedings have ended, and, therefore, *Rooker-Feldman* does not apply to bar Bedree's claims related to the attorneys fees.

To the extent Bedree's claims against Lebamoff regarding the attorney's fees allege injury from the state court judgment itself, those claims are barred by the probate exception to federal

5

jurisdiction. As further discussed in the Order granting the Motion to Dismiss Amended Complaint by Judges Felts, Levine and Houk (D.E. # 124), this claim is "tantamount to asking the federal district court to take over administration of the estate" and is barred by the probate exception. *Jones v. Brennan*, 465 F.3d 304, 307 (7th Cir. 2006); *Bedree v. Lebamoff*, 202 Fed. Appx. 913, 915 (7th Cir. 2006).

The probate exception, however, does not necessarily bar *in personam* tort claims. *Marshall*, 126 S.Ct. at 1748, *Jones*, 465 F.3d at 304; *Bedree v. Lebamoff*, 202 Fed. Appx. at 915; *Bedree v. Lebamoff*, 202 Fed. Appx. at 915. And Bedree's claims against Lebamoff could be construed as claims of fraud in procuring attorney's fees. This claim would not be barred by the probate exception. *See, e.g., Wisecarver v. Moore*, 489 F.3d 747, 750 (6th Cir. 2007)("Liberally construed, Plaintiffs' claims for breach of fiduciary duty, breach of confidential relationship, undue influence, and fraud are not barred by the probate exception because they seek *in personam* jurisdiction over the Defendants and do not seek to probate or annul a will.")

Lebamoff also raises the issues of whether Bedree states a claim under 42 U.S.C. section 1983 and whether Bedree's claims are time barred. Because the *Rooker-Feldman* issue has not yet been resolved, this Court declines to reach these further issues raised by Labamoff at this time. *Bedree,* 202 Fed. Appx. at 914-155.

6

("Where *Rooker-Feldman* applies, the district court cannot reach any affirmative defenses.")

For the reasons set forth above Lebamoff's motion to dismiss is **DENIED**. Bedree and Lebamoff are **ORDERED** to submit evidence on or before April 14, 2008, regarding whether the "action" to void the lease proceeded to final judgment before Bedree filed this case.


**DATED: March 21, 2008**              /s/ RUDY LOZANO, Judge
                                       **United States District Court**