```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                       FORT WAYNE DIVISION
```

JAMES BEDREE,                        )
                                     )
Plaintiff,                           )
                                     )
   v.                                )   NO. 1:04-CV-427
                                     )
Personal Representative of           )
the Estate of IVAN LEBAMOFF,         )
*et al.*,                            )
                                     )
Defendants.                          )

## OPINION AND ORDER

This matter is before the Court on the Defendants, Mitchell C. Bedree, the Estate of Emily Bedree and Linda Peters Chrzan's Motion to Dismiss Amended Complaint (D.E. # 71) filed by the Estate of Emily Bedree, Mitchell Bedree, and Linda Peters Chzran ("the estate defendants") on June 18, 2007. This motion lists several grounds for dismissal, however, the estate defendants have only briefed one issue for this Court: whether the probate exception to federal jurisdiction applies. Accordingly, this Court will construe the motion to request dismissal on this basis only. For the reasons set forth below, the motion to dismiss based on the probate exception is **DENIED**. Chrzan and James Bedree are **ORDERED** to submit briefing on or before April 14, 2008, on whether *Rooker-Feldman* applies to Bedree's claim against her related to the alleged "fraudulent $250,000 action" (Am. Compl. (D.E. # 33) ¶ 24). Further, the estate defendants and James Bedree are **ORDERED** to submit evidence and

briefing on or before April 14, 2008, regarding whether Bedree's other claims against her are premised on a dispute he has with the disposition of property that is in the custody of the state probate court.

Background

Pro se Plaintiff, James Bedree, filed this action pursuant to 42 U.S.C. sections 1983, 1985, and 1986 alleging that state court judges, lawyers, city officials, and one of his nephews conspired to violate his "rights against unreasonable searches and seizures per Amendment IV of the U.S. Constitution" and his "due process and property rights per Fourteenth Amendment of the U.S. Constitution." (Am. Compl. ¶¶ 26-35.) Bedree does not seek any specific relief, but rather asks for judgment and "all other relief just and proper." (Am. Compl. p. 6.)

Bedree's claims relate to the probate proceedings of his late sister's estate, the Estate of Emily Bedree ("the estate"). Defendant Mitchell Bedree is currently the personal representative for the estate. (Am. Compl. ¶ 11.) Bedree's only claim against Mitchell Bedree appears to be that he breached his fiduciary duty in submitting attorney's fees for the probate court to approve. (Am. Compl. ¶ 13.)

Defendant Linda Peters Chrzan ("Chrzan") is counsel for the estate. (Am. Compl. ¶ 19.) Bedree claims that Chrzan fraudulently

gained access to Bedree's property (Am. Compl. ¶ 23) and instituted a fraudulent action against Bedree (Am. Compl. ¶ 24). Bedree also claims that Chrzan evicted him from his property (Am. Compl. ¶ 22), and illegally searched and seized his financial records (Am. Compl. ¶ 23).

In the currently pending motion, Mitchell Bedree, the estate, and Chrzan seek dismissal pursuant to Rules 12(b)(1) of the Federal Rules of Civil Procedure based on the probate exception to federal jurisdiction. They argue that because "all allegations made against Mitchell C. Bedree and Linda Chrzan Peters arise solely from their actions, and alleged omissions, as agents for the Estate of Emily Bedree," Bedree's "claims are barred."

## Discussion

A case may be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the court lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). "When considering a motion to dismiss for lack of subject matter jurisdiction, a court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003). The Court may also review evidence beyond the allegations of the complaint to determine if subject matter

jurisdiction exists. *Id.*; *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003).

"[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006). The probate exception further precludes a request for the district court to remedy perceived errors in the state court's administration of the estate. *Jones v. Brennan*, 465 F.3d 304, 307 (7th Cir. 2006).

Here, the Court cannot conclude that the probate exception applies to the claims against the estate defendants based on the argument that Bedree's claims "arise solely from [the estate defendants'] actions, and alleged omissions, as agents for the Estate of Emily Bedree." Rather, the Court must evaluate whether Bedree's claims are requesting this Court to interfere with the disposition of property that is in the custody of a state probate court or remedy perceived errors in the state court's administration of the estate. The estate defendants' argument does not address these issues, and is, therefore, unpersuasive.

Nevertheless, this Court questions whether several of Bedree's claims are premised on a dispute he has with the disposition of

4

property that is in the custody of a state probate court. For example, this appears likely with respect to the following claims: (1) that Bedree lost his business when Chzran evicted him from his property (Am. Compl. ¶ 22); (2) that Chrzan conducted an "illegal search and seizure" (Am. Compl. ¶ 23); and (3) that Chrzan fraudulently gained access to his property (Am. Compl. ¶ 23). Accordingly, the estate defendants and James Bedree are **ORDERED** to submit evidence and briefing on or before April 14, 2008, regarding whether Bedree's claims against the estate defendants are premised on a dispute he has with the disposition of property that is in the custody of a state probate court.

In addition, this Court suspects that *Rooker-Feldman* bars any claim against Chrzan related to the "fraudulent $250,000 action" against Bedree (Am. Compl. ¶ 24). Chrzan, however, has not raised this issue. Because this Court is required to "police subject matter jurisdiction *sua sponte*," *Hay v. Indiana State Bd. of Tax Com'rs*, 312 F.3d 876, 879 (7th Cir. 2002), Chrzan and Bedree are **ORDERED** to submit briefing on this issue on or before April 14, 2008.

Finally, Bedree's claim against Mitchell Bedree for breach of fiduciary duty is not barred by the probate exception to federal jurisdiction. *Marshall*, 547 U.S. at 312; *Jones*, 465 F.3d at 307-08 (holding that a breach of fiduciary duty claim regarding guardian's

5

mismanagement was not barred by the probate exception). "Such a claim does not ask the court in which it is filed to administer the estate, but rather to impose tort liability." *Jones*, 465 F.3d at 308. Indeed, on appeal from a previous dismissal in this case, the Seventh Circuit held that "[t]he breach of fiduciary duty claim, on the other hand, is not barred by the probate exception because it need not necessarily affect the administration of the estate." *Bedree v. Lebamoff*, 202 Fed. Appx. 913, 915 (7th Cir. 2006).

For the reasons set forth above, the estate defendants' motion to dismiss is **DENIED**. Chrzan and James Bedree are **ORDERED** to submit briefing on or before April 14, 2008, on whether *Rooker-Feldman* applies to bar Bedree's claim against her related to the fraudulent action (Am. Compl. ¶ 24). Further, the estate defendants and James Bedree are **ORDERED** to submit evidence and briefing on or before April 14, 2008, regarding whether Bedree's claims against them are premised on a dispute he has with the disposition of property that is in the custody of a state probate court.

**DATED: March 21, 2008**                    **/s/ RUDY LOZANO, Judge**
                                             **United States District Court**

6