**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| JAMES BEDREE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:04-CV-427 |
| | ) | |
| Personal Representative of | ) | |
| the Estate of IVAN LEBAMOFF, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>OPINION AND ORDER</u>

This matter is before the Court on the Emergency Motion to Stay State Court Proceedings filed by James Bedree on March 14, 2008.  For the reasons set forth below, the motion is **DENIED.**

<u>Background</u>

*Pro se* Plaintiff, James Bedree, filed this action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 alleging that state court judges, lawyers, city officials, and one of his nephews conspired to violate his "rights against unreasonable searches and seizures per Amendment IV of the U.S. Constitution" and his "due process and property rights per Fourteenth Amendment of the U.S. Constitution." (Am. Compl. ¶¶ 26-35.)  Bedree's claims relate to the probate proceedings of his late sister's estate, the Estate of Emily Bedree ("the estate").  In the instant motion, Bedree seeks an order from this Court staying "any further administration of the Emily Bedree

Estate pending final disposition of the federal case captioned above." Bedree further states that "this motion is a means for securing temporary relief pending outcome of the instant case."

Discussion

The law provides for preliminary, temporary and permanent injunctions only in certain limited situations. A temporary restraining order can be granted "only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." Fed. R. Civ. P. 65(b). A preliminary injunction may be granted only when the party seeking the injunction has demonstrated that: (1) he has a reasonable likelihood of success on the merits of the underlying claim; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm if the preliminary injunction is denied. *Anderson v. U.S.F. Logistics (IMC), Inc.,* 274 F.3d 470, 474 (7th Cir. 2001). A permanent injunction differs from a preliminary injunction in that it cannot be granted merely on the showing on a likelihood of success on the merits: a permanent injunction requires actual

success on the merits. *Chathas v. Local 134 IBEW*, 233 F.3d 508, 513 (7th Cir. 2000).

Plaintiff's motion does not explicitly indicate what type of injunction he is applying for. Furthermore, the motion states no facts that would support even the granting of a preliminary injunction, much less a temporary restraining order without notice or a permanent injunction. Moreover, the relief the Plaintiff seeks, the staying of state court proceedings, is granted in only the most unusual of circumstances.

The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as *expressly authorized by Act of Congress*, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283 (1990). These exceptions are to be narrowly construed. *Mitchum v. Foster*, 407 U.S. 225 (1972). Furthermore, "Any doubts as to the propriety of a federal injunction ... should be resolved in favor of permitting the state courts to proceed..." *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970). Although the exceptions are narrow, the Supreme Court has held that section 1983 claims fall within the exceptions to the Anti-Injunction Act. *See Mitchum*, 407 U.S. at 2161-62. Accordingly, the Anti-Injunction Act may not prove to be a hurdle to Bedree obtaining an injunction.

However, even where the Anti-Injunction Act is inapplicable, the principles of federalism and comity requires that federal courts, "anxious though [they] may be to vindicate and protect federal rights and federal interests, always endeavor to do so in ways that will not unduly interfere with the legitimate activities of the States." *Younger v. Harris*, 401 U.S. 37, 44 (1971). "To obtain federal injunctive relief impeding a pending state court proceeding, the federal plaintiff must surpass the normal showing of irreparable injury, and posit the existence of irremediable harm both 'great and immediate.'" *Casa Marie, Inc. v. Superior Court of Puerto Rico*, 988 F.2d 252 (1st Cir. 1993)(quoting *Younger*, 401 U.S. at 46). "A plausible claim of constitutional infringement does not automatically entitle one to avail himself of the injunctive processes of the federal courts in order to prevent the conduct of pending litigation in the state courts." *Cousins v. Wigoda*, 409 U.S. 1201, 1206 (1972). Plaintiff's cursory motion simply fails to make the showing necessary for the extraordinary relief sought.


Conclusion

For the reasons set forth above, Bedree's Emergency Motion to Stay State Court Proceedings is **DENIED**.

    **DATED: March 25, 2008**        **/s/ RUDY LOZANO, Judge**
                                            **United States District Court**

5