**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| JAMES BEDREE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 1:04-CV-427 |
| | ) |
| Personal Representative of | ) |
| the Estate of IVAN LEBAMOFF, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. On March 21, 2008, this Court ordered Linda Peters Chrzan ("Chrzan") and James Bedree ("Bedree") to submit briefing on (1) whether *Rooker-Feldman* applies to Bedree's claim against Chrzan related to the alleged "fraudulent $250,000 action" (Am. Compl. (D.E. # 33) ¶ 24) and (2) whether Bedree's other claims against Chrzan fall within the probate exception to federal jurisdiction. (*See* D.E. # 127.) Also on March 21, 2008, this Court ordered the personal representative of the estate of Ivan Lebamoff ("Lebamoff") and Bedree to submit evidence and argument regarding whether an "action" Lebamoff instituted to bring properties back into the estate (Am. Compl. ¶ 8) proceeded to final judgment before Bedree filed this case. (*See* D.E. # 126). The parties have submitted argument and evidence (D.E. #s 129, 130, 131). For the reasons set forth below, to the extent Bedree alleges

-1-

Chrzan committed fraud during the "fraudulent $250,000 action," these claims are barred by *Rooker-Feldman* and **DISMISSED**. To the extent Bedree's claims allege deprivation of property during the probate proceedings without due process of law, seek to have this Court reach property in the custody of the probate court, or seek to have this Court correct perceived errors during the administration of the estate, they are barred by the probate exception and **DISMISSED**. Chrzan and Bedree are **ORDERED** to submit on or before September 15, 2008, evidence showing whether the currently pending suit was filed after the state proceedings resulting in the eviction ended.

Background

 *Pro se* Plaintiff, James Bedree, filed this action on November 16, 2004, pursuant to 42 U.S.C. sections 1983, 1985, and 1986 alleging that state court judges, lawyers, city officials, and one of his nephews conspired to violate his "rights against unreasonable searches and seizures per Amendment IV of the U.S. Constitution" and his "due process and property rights per Fourteenth Amendment of the U.S. Constitution." (Am. Compl. ¶¶ 26-35.) Bedree does not seek any specific relief, but rather asks for judgment and "all other relief just and proper." (Am. Compl. p. 6.)

 Bedree's claims relate to the probate proceedings of his late sister's estate, the Estate of Emily Bedree ("the estate"). The

currently pending issues involve Bedree's allegations against the estate's attorneys, Ivan Lebamoff ("Lebamoff") and Linda Peters Chrzan ("Chrzan"). Lebamoff was the estate's attorney from at least January 12, 2000, to November 21, 2000. (Am. Compl. ¶¶ 8, 13.) Chrzan has been counsel for the estate since June 18, 2001. (Am. Compl. ¶ 19; Chrzan Decl. (D.E. # 129-3) ¶ 2.)

According to Bedree's complaint, Lebamoff and Chrzan both procured attorney's fees by fraud (Am. Compl. ¶¶ 13, 21) and filed a series of actions on behalf of the estate (which they won because of alleged wrongdoing) that ultimately deprived Bedree of real estate and $250,000 (plus interest) by bringing the real estate and money into the estate. Bedree claims that Lebamoff instituted an action to bring certain properties purportedly deeded to him into the estate, which Lebamoff won using "threats, coercion and blackmail" resulting in a witness offering perjured testimony. (Am. Compl. ¶¶ 5-9, 28-29.) According to Bedree, Chrzan was able to subsequently evict Bedree from this property because of Lebamoff's success. (Am. Compl. ¶¶ 22, 23.) Bedree allegedly lost his business because of the eviction. (Am. Compl. ¶¶ 23.) Bedree claims that the eviction also gave Chrzan access to financial records which she "illegal[ly] search[ed] and seize[d]." (*Id.*) Bedree claims that Chrzan used these financial records to institute and win a

"fraudulent $250,000 action" against him using "forged documents with forged signatures." (Am. Compl. ¶ 24.)

Lebamoff instituted the action to bring certain properties back into the estate as a portion of the probate proceedings in Allen Circuit Court, Case No. 02C01-9910-CP-1379. (D.E. # 130.) The presiding judge found that two quitclaim deeds purportedly conveying property from Emily to James Bedree were null and void. (*Id.*) At least one of these deeds included property commonly known as 2727 East State Blvd. in Fort Wayne, Indiana. (*Id.*)

Despite the probate court's ruling, Bedree appears to have continued to occupy 2727 East State Blvd. On June 28, 2001, Chrzan wrote Bedree a letter informing him of a lease agreement between Bedree as the tenant and the estate as the landlord. (D.E. # 129-3.) This lease provided for no monthly rent or security deposit and stated that it could be terminated within thirty days written notice. (*Id.*) In this letter, Chrzan offered Bedree the opportunity to renew the lease at two thousand dollars a month rent plus the cost of all utilities commencing July 28, 2001. (*Id.*) She also provided written notice that Bedree was to vacate the premises on or before July 28, 2001, if he chose not to enter into this lease agreement. (*Id.*) Bedree claims that this was "a scheme of inflated and unreasonable rents." (Am. Compl. ¶ 22.)

Bedree chose not to renew or vacate the 2727 East State Blvd. property, and Chrzan instituted an eviction proceeding. (D.E. # 129-3.) Bedree attempted to show that he was the owner of the property by introducing the deed that had already been set aside by the probate court (case no. 02C01-9910-CP-1379), as discussed above. (D.E. # 129-3.) The court was not persuaded by Bedree and held on November 8, 2001, that Bedree was "a holdover tenant and has refused to sign a new lease or pay rent." (*Id.*) The Court ordered judgment for the estate against Bedree for the immediate possession of 2727 East State Blvd. (*Id.*) To this end, the court issued a Writ of Restitution upon Ted Corbin's request on behalf of the estate. (*Id.*) Pursuant to this writ, Bedree was evicted in November 2001. (*Id.*; Am. Compl. ¶ 22.)

During the eviction, Bedree alleges that Chrzan and/or Ted Corbin illegally searched and seized at least one document that Chrzan used to institute and win a "fraudulent $250,000 action" on August 29, 2002. (Am. Compl. ¶¶ 23,24.) It appears that this "fraudulent $250,000 action" was actually an action to collect on a promissory note filed by Mitchell Bedree, the personal representative of the estate, in Allen County Circuit Court (case number 02D01-0203-PL-207). (D.E. # 129-2.) Chrzan represented Mitchell Bedree for the estate and the case was subsequently transferred to LaGrange Circuit Court (case number 44C01-0208-PL-

0021). (*Id.*) The case was ultimately adjudicated on July 15, 2003, when the court granted Mitchell Bedree's motion for summary judgment on all issues against Bedree and awarded damages to Mitchell Bedree on behalf of the estate in the sum of $250,000.00 plus interest. (*Id.*) According to the state court docket, the case was closed on July 15, 2003. (D.E. # 129-2.)

Discussion

*Rooker-Feldman*

*Rooker-Feldman* generally bars a district court from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of that judgment." *Exxon Mobil* Corp. *v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005); *see also Homola v. McNamara*, 59 F.3d 647, 650 (7th Cir. 1995). "[T]he fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment. If the injury resulted from the state court judgment itself, *Rooker-Feldman* directs that lower federal courts lack jurisdiction." *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). In addition, even if the claim does not directly seek to set aside a state court judgment, "*Rooker-Feldman*

precludes a federal action if the relief requested in the federal action would effectively reverse the state decision or void its ruling." *Whiteford v. Reed*, 155 F.3d 671, 674 (3d Cir. 1998); *Taylor v. Federal National Mortgage Association*, 374 F.3d 529, 532-34 (7th Cir. 2004).

Here, Bedree alleges that Lebamoff and Chrzan violated his due process rights and his rights against unreasonable search and seizure by depriving him of certain real estate and money through an action to bring properties into the estate, an eviction proceeding, and a "fraudulent $250,000 action." (Am. Compl. ¶¶ 5-9, 22-24.) He argues that his claims are not barred by *Rooker-Feldman* because the probate proceedings are still pending. (D.E. # 131.) He also argues that any state proceedings adjudicated prior to his filing of the instant action should not be barred because they are "proximate to and causative of the estate probate case." (*Id.*)

Because the probate proceedings are still pending, *Rooker-Feldman* does not bar Bedree's claims of injury from rulings or judgments issued during the probate proceedings. *See Exxon Mobil*, 544 U.S. at 284; *Bedree v. Lebamoff*, 202 Fed. Appx. 913, 915 (7th Cir. 2006). For example, *Rooker-Feldman* does not bar Bedree's claims of injury due to losing the action to bring properties into the estate or due to the attorneys' alleged fraud in procuring fees. The other actions at issue here, *i.e.*, the "fraudulent

$250,000 action" and the eviction proceeding are, however, independent from the probate proceedings, and, therefore, may be barred by *Rooker-Feldman*. *See Bedree,* 202 Fed. Appx. at 915-16 ("In addition, we strongly suspect that the various 'action[s]' Bedree refers to in his complaint are independent though related suits. If so, as long as they proceeded to final judgment before he filed his suit in the district court, they will be independently subject to *Rooker-Feldman*.")[1]

Indeed, to the extent Bedree claims Chrzan engaged in fraud during the "fraudulent $250,000 action," this claim is barred by *Rooker-Feldman*. Bedree is a state-court loser of an action to collect on a promissory note (case number 44C01-0208-PL-0021), which ended before the current proceedings commenced. (*See* D.E. # 119-3.) In addition, Bedree appears to be complaining about the $250,000 judgment against him and in favor of the estate; he states that "the issue here is that [said monies and real estate] should never have become part of the estate nor under the jurisdiction of

---

[1] Although Bedree argues that the judgment in the "fraudulent $250,000 action" and the eviction proceeding are judgments that are "proximate to" and "causative of" the estate proceedings and should, therefore, not be barred by *Rooker-Feldman*, this Court is not persuaded. Bedree fails to cite any law supporting this proposition and appears to ignore the Seventh Circuit's prior direction in this case. *See Bedree,* 202 Fed. Appx. at 916. ("It is not enough, as [Bedree] suggests, that the probate proceedings are in some sense the 'primary matter' at issue.")

the state probate court." (D.E. # 131). And, although this claim of fraud does not directly seek to set aside a state court judgement (Bedree does not ask for any specific relief in his complaint), it is tantamount to requesting vacature of the state court judgment. That is, "the relief granted when a claim of fraud on the court succeeds is that the party claiming fraud is relieved from the judgment, i.e., the judgment is set aside." *Taylor,* 374 F.3d at 533. Accordingly, to the extent Bedree alleges Chrzan committed fraud during the "fraudulent $250,000 action," these claims are **DISMISSED**.

Similarly, to the extent Bedree claims Chrzan engaged in fraud during the eviction proceeding, these claims are likely barred by *Rooker-Feldman*. For *Rooker-Feldman* to apply, however, Bedree must have filed this suit "after the state proceedings ended." *Exxon Mobil*, 544 U.S. at 291. And the parties have not submitted anything indicating whether the proceeding resulting in the judgment of eviction ended before November 16, 2004. Accordingly, Chrzan and Bedree are **ORDERED** to submit evidence on this issue on or before September 15, 2008.

*The probate exception*

The probate exception prohibits a federal court from exercising jurisdiction over claims that (1) involve "the

administration of an estate, the probate of a will, or any other purely probate matter," (2) seek "to reach a *res* in the custody of state court," or (3) involve issues where probate courts have a "special proficiency." *Marshall v. Marshall*, 547 U.S. 293, 312 (2006). The probate exception does not prohibit a federal court from exercising jurisdiction over claims against a person as distinguished from judgment against the property in possession of the probate court. *Id.*

Bedree argues that the probate exception does not apply to his claims because they are tort claims. (D.E. # 131.) This Court, however, is not entirely convinced that Bedree is merely seeking to impose tort liability on the defendants. Not only is Bedree's complaint primarily focused on blaming many different people for what he perceives as the maladministration of the estate, Bedree also frames the issue of this case as one where he would recover possession of the 2727 E. State Blvd. property and the $250,000 (plus interest) he lost during the "fraudulent $250,000 action." That is, he argues that "[w]hile it is true that the estate maintains custody of said monies and real estate, the issue here is that it should never have become part of the estate nor under the jurisdiction of the state probate court." (D.E. # 131.)

In any event, to the extent that Bedree's claims seek to impose tort liability on the defendants, these claims are not

precluded by the probate exception. *See Marshall*, 547 U.S. at 310-11; *Jones v. Brennan*, 465 F.3d 304, 307-08 (7th Cir. 2006). The probate exception, however, forbids this Court from reaching property in the custody of state court. *Marshall,* 547 U.S. at 312. It forbids this Court from remedying any errors Bedree claims occurred during the probate court's administration of the estate. *Bedree,* 202 Fed. Appx. at 915 (7th Cir. 2006) ("And Bedree's request for the district court to remedy what he perceives as errors in the state court's administration of the estate, like the plaintiff's request in *Jones,* is equivalent to asking the district court to take over administration of the estate. This violates the probate exception even under the Supreme Court's narrowed construction of the exception in *Marshall*" (internal citations omitted)). It also forbids this Court from hearing claims that Bedree was deprived of property during the probate proceedings without due process of law. *Jones,* 465 F.3d at 308 ("The plaintiff is also claiming, however, that the defendants deprived her of her property interest in her father's estate without due process of law. If they did this in the course of administering the estate, the claim cannot escape the gravitational pull of the probate exception"). Accordingly, to the extent Bedree's claims seek to have this Court reach property in the custody of the probate court or correct perceived errors during the administration of the

estate, they are barred by the probate exception and **DISMISSED**. In addition, to the extent Bedree claims he was deprived of property during the probate proceedings without due process of the law, these claims are also barred by the probate exception and **DISMISSED**.

Conclusion

For the reasons set forth above, to the extent Bedree alleges Chrzan committed fraud during the "fraudulent $250,000 action," these claims are barred by *Rooker-Feldman* and **DISMISSED**. To the extent Bedree's claims allege deprivation of property during the probate proceedings without due process of law, seek to have this Court reach property in the custody of the probate court, or seek to have this Court correct perceived errors during the administration of the estate, they are barred by the probate exception and **DISMISSED**. Chrzan and Bedree are **ORDERED** to submit on or before September 15, 2008, evidence showing whether the currently pending suit was filed after the state proceedings resulting in the eviction ended.

**DATED: August 28, 2008**              /s/ **RUDY LOZANO, Judge**
                                         **United States District Court**