**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| JAMES BEDREE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:04-CV-427 |
| | ) | |
| Personal Representative of | ) | |
| the Estate of IVAN LEBAMOFF, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on the Defendants' Motion to Dismiss filed on November 11, 2009. This case has now been pending since November 2004. It has remained pending for far too long, for a variety of reasons known to the parties and apparent from the record. In recent months, Plaintiff James Bedree ("Bedree") has shown little interest in anything other than appealing this Court's rulings, and has failed to file responses to the two most recent motions to dismiss, including the instant motion. In this Court's order dated November 3, 2009, this Court denied a motion to dismiss the remaining claims based on subject matter jurisdiction, allowed additional time for the Defendants' to file any additional dispositive motion, and set a briefing schedule for any such motions. This Court noted that:

> Because this Court too is interested in seeing this matter resolved, in the event Plaintiff opts not to respond to any additional dispositive motions filed by the remaining Defendants, this court will consider this failure indicative of Plaintiffs [sic] lack of interest in his case, and will summarily rule on the dispositive motions.

Despite this warning, Bedree has again opted not to file a response. This Court has reviewed the Defendants' motion and memorandum, and fully considered the legal arguments therein. This Court finds the reasons set forth in the Defendants' motion and memorandum sufficient[1], and accordingly, this Court summarily **GRANTS** Defendants' Motion to Dismiss. The Clerk of the Court is **ORDERED** to **DISMISS WITH PREJUDICE** all remaining claims based on federal law. To the extent that Bedree's amended complaint may contain any state law claims in addition to the federal claims, those claims are **DISMISSED WITHOUT PREJUDICE** pursuant to this Court's policy. See *Groce v. Eli Lilley & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state

---

[1]There is one exception to this. The Defendants argue that the Estate of Ivan Lebamoff should be dismissed because the claims against the estate are time barred, but this argument is lacking because it relies on speculation regarding when Bedree became aware of Lebamoff's actions, and therefore, when the cause of action accrued. Despite this Court's rejection of this particular argument, the motion is well-taken because the Defendants have offered other arguments that warrant the dismissal of all federal claims in this action.

supplemental claims whenever all federal claims have been dismissed prior to trial.").

DATED: March 5, 2010                    /s/ RUDY LOZANO, Judge
                                        United States District Court